REQUESTED BY: Senator Vard Johnson Member of the Legislature 1101 State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
You have asked our opinion as to the constitutional validity of LB 665, which would permit a taxpayer entitled to a refund from the Tax Refund Fund, pursuant to Neb.Rev.Stat. § 77-27,132 (Reissue 1976), to designate a portion of the refund to be paid as a contribution to the United States Olympic Committee. Section 3 of the bill provides that the Tax Commissioner shall annually transfer to the United States Olympic Committee the total of the amounts so designated.
There are several possible constitutional problems with the bill, but we believe it is necessary to explore only one, that of unreasonable class legislation. The bill would lend the assistance of the state to the fund-raising activities of one organization, and no others. Article III, Section18 of the Nebraska Constitution prohibits special legislation, and specifically prohibits granting to any corporation, association, or individual any special or exclusive privileges, immunity or franchise. Quite obviously this bill would put the United States Olympic Committee in a special class, and facilitate and promote its fund-raising activities. Worthy as its goals may be, the United States Olympic Committee is not, in the eyes of the law, in a different class, so far as this type of legislation is concerned, from the multitude of other charitable organizations. We are of the opinion that the court would hold the bill invalid on that ground.
There is also a serious question as to whether having the State Treasurer and the Tax Commissioner collect contributions to a private organization, and hold them in trust in the state treasury, is a proper governmental function. If this were a general law, we would explore that question, but in view of the class legislation problem, we do not believe it is necessary to do so.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General